# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY McIVER,<br><br>                    Plaintiff,<br>    vs.<br><br>PACIFIC CARMEL MOUNTAIN<br>HOLDINGS, LP, et al.,<br><br>                    Defendant. | CASE NO. 09cv1975 LAB (MDD)<br><br>ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE<br><br>[DOC. NO. 94] |

This is an American with Disabilities Act case commenced by the Plaintiff on September 9, 2009, against thirteen (13) defendants connected with the Carmel Mountain Shopping Center in San Diego, California. [Doc. No. 1]. The defendants included the landlord and twelve (12) retailers. The cases against all but Defendants Costco Wholesale Corporation and Sears, Roebuck & Company ("Sears") were resolved. On April 20, 2011, Plaintiff filed his First Amended Complaint against these two remaining Defendants. [Doc. No. 92]. On June 27, 2011, Plaintiff and Defendant Sears filed the instant Joint Motion for Determination of Discovery Dispute as provided by the chambers rules of this Court. [Doc. No. 94]. On June 29, 2011, after an initial review of the papers, the Court ordered Plaintiff to lodge with the Court copies of settlement agreements executed in connection with the resolution of this case against any named defendants for *in camera* review. [Doc. No. 95]. The settlement agreements were provided to the Court on July 7, 2011. The Court believes that there is sufficient information upon which to rule on the

discovery dispute without oral argument.

## Discussion

At issue are a number of identical requests for admissions and requests for production of documents propounded by Sears which primarily seek information regarding the nature of the settlements reached by Plaintiff with Sears' co-defendants. Plaintiff has refused to provide such discovery objecting, in identical answers, that the settlements which may have been reached with Sears' co-defendants are confidential and private and that the information sought is not relevant and cannot lead to relevant, admissible evidence. The Court will first address the general issue raised regarding confidentiality and relevance before addressing the requests for admissions and requests for production in groups. To the extent that certain discovery demands do not fit within these categories, they will be addressed individually or in other groupings below.

DISCOVERY OF SETTLEMENT AGREEMENTS/TERMS WITH CO-DEFENDANTS

The Court reviewed the available settlement agreements *in camera*. Each agreement has a confidentiality provision which requires that the agreement and its terms and conditions not be disclosed voluntarily to third parties but does provide for exceptions including: "as may be required by law[.]" In the view of this Court, a lawful discovery demand, if the information requested is relevant, requires disclosure within the meaning of the exception. Consequently, relevance is the touchstone for the determination of production and any objection based solely upon confidentiality is OVERRULED.

As the parties are aware, the Federal Rules of Civil Procedure provide for broad discovery and federal law provides an expansive view of relevance. *See, e.g., Molski v. Franklin,* 222 F.R.D. 433, 435 (S.D. Cal. 2004). Both parties acknowledge the distinction between relevance for discovery purposes and admissibility at trial. As discussed below, Sears has demanded the settlement agreements themselves, specifically demanded information regarding whether the agreements required Sears' co-defendants to remove any barriers or make other architectural changes, specifically demanded disclosure of the financial terms of the settlements including provisions for attorney's fees and demanded disclosure of the confidentiality terms of the

agreements.

The real dispute, it appears to the Court, pertains to disclosure of the financial terms of the agreements and the extent to which the agreements provide for remediation of each co-defendants' premises for ADA compliance. Defendant asserts that this information is relevant. In *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 728 (9th Cir. 2007), it is clear that expansive discovery was obtained on plaintiff's history of filing ADA lawsuits, monies paid to plaintiff and plaintiff's arrangements with his attorneys. The information was used to cross-examine plaintiff at trial. *Id.* The court of appeals questioned the admission of some of this evidence but did not address discoverability. *Id.* at 729 n.3. Inasmuch as some of the evidence obtained can potentially be used for impeachment, it does not appear that a blanket claim of irrelevance can succeed.

Regarding the financial components of the settlement agreements, Defendant claims that the information is relevant to show plaintiff's bias and veracity. Essentially, the claim is like that used in *Molski v. M.J. Cable, Inc.,* above that plaintiff's motivation is personal monetary gain and not accessibility for the disabled. It seemed to be the use of this information at trial that distressed the Ninth Circuit. *Id.* Discovery of settlement proceeds was directly at issue in *Molski v. Franklin*, 222 F.R.D. 433, 437-438 (S.D. Cal. 2004). In that case, former Magistrate Judge Stiven ruled for the plaintiff, finding the requests to be irrelevant. This Court agrees that the amount paid in settlement is irrelevant but the fact of a monetary settlement is not. As provided below, Plaintiff will be required to disclose the fact of a monetary settlement, but need not disclose the amount.

Defendant also seeks disclosure of whether the settlement agreements with the co-defendants required the removal of architectural barriers. Defendant contends that this information is relevant regarding whether the Plaintiff is actually deterred from enjoying Defendant's facility if the barriers complained of are similar to the barriers involved in co-defendant's facilities and Plaintiff did not require their removal. The Court agrees with the Defendant that discovery of the extent to which Plaintiff required the removal of barriers from co-defendants is relevant and may lead to admissible evidence. As provided below, additional disclosures will be required of the Plaintiff.

Regarding the disclosure of the settlement agreements themselves, as provided above and below, it is the view of this Court that disclosure of the paragraph regarding payment by co-Defendants to Plaintiff with the amount redacted, the paragraph regarding facility renovations and the paragraph regarding confidentiality must be disclosed. The actual agreements need not be disclosed although it may be convenient for the Plaintiff to do so with the monetary amount of settlement redacted.

1. <u>Requests for Admissions (Set One)</u>

Requests 8, 18, 28, 38, 48, 58, 68, 78 and 88 demand that Plaintiff admit that he settled his lawsuit against Defendants Michael's, Taco Bell, Sports Authority, Marshall's, Ross, Wendy's, Borders, Party City and Home Trends respectively. Plaintiff answered that the case against each Defendant was "dismissed." Sears complains that this answer is non-responsive. Plaintiff has not addressed this grouping of Requests for Admissions specifically but argues generally that this information is confidential and irrelevant. Inasmuch as Plaintiff did file Notices of Settlement regarding these defendants which is a matter of public record, the Plaintiff must respond accurately. Sears' request for a responsive answer to this set of requests is GRANTED.

Requests 9, 19, 29, 39, 49, 59, 69, 79 and 89 demand that Plaintiff admit that the settlements entered into with each of the Defendants identified above did not require the removal of barriers. Plaintiff objected on the grounds that the settlements are confidential and irrelevant. As discussed above, Sears' request for a response is GRANTED.

Requests 10, 20, 30, 40, 50, 60, 70, 80 and 90 demand that Plaintiff admit that he has not visited any of the subject stores post-settlement. Plaintiff's response is that he does not recall. No further answer is required. Sears' request for a more definitive response is DENIED.

2. <u>Requests for Production of Documents (Set Three)</u>

Request 15 demands that Plaintiff produce documents reflecting any purchases made from any of the co-Defendant facilities. Plaintiff has objected for relevance and overbreadth in that the request is not time-limited. The Court agrees that the information is not relevant and that the request is overbroad. Sears' request is DENIED.

Request 16 seeks documents evidencing any visits made by Plaintiff to any of the co-Defendant facilities. Plaintiff objects for relevance and overbreadth. The Court agrees with Plaintiff. Sears' request is DENIED.

Request 17 demands that Plaintiff produce texts or cell phone records reflecting calls or texts made during visits to the Sears store named in the Complaint from July 2009 to the date of the request. Plaintiff objects for privacy and claims to have no responsive documents "at this time." Plaintiff's privacy objection is OVERRULED. The fact that the requested records may not be in Plaintiff's personal possession is unavailing: "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D.Cal.1995). Consequently, to the extent that the Plaintiff has the legal right to request his records from his carrier to respond to this discovery demand, he must do so. Sears' request is GRANTED.

Request 18 demands that Plaintiff produce the confidentiality provisions of the settlement agreements entered into with co-defendants. As discussed above, Sears's request is GRANTED and Plaintiff much produce those provisions from each agreement.

3.   Requests for Production of Documents (Set Four)

Requests 19, 23, 27, 31, 35, 39, 43, 47 and 51 demand that Plaintiff produce the settlement agreements regarding Defendants Michael's, Taco Bell, Sports Authority, Marshall's, Home Trends, Ross, Wendy's, Borders and Party City respectively. As provided above, this request is GRANTED IN PART. Plaintiff must produce the provisions regarding monetary settlement with the amount redacted, the provisions regarding facility renovations and the provisions regarding confidentiality.

Requests 20, 24, 28, 32, 36, 40, 44, 48 and 52 demand that the Plaintiff produce documents reflecting visits to each co-Defendant's facility after the Complaint in this case was filed. Plaintiff objects for relevance. The Court agrees with Plaintiff. Sears's request is DENIED.

Requests 21, 25, 29, 33, 37, 41, 45, 49 and 53 demand that Plaintiff produce documents

1 regarding architectural barriers removed from each co-Defendant facility as a result of settlement.
2 Plaintiff objects for privacy and relevance. Plaintiff's privacy objection is OVERRULED. As
3 discussed above, the Court believes that the information is relevant. Sears's request is
4 GRANTED.
5    Requests 22, 26, 30, 34, 38, 42, 46, 50 and 54 demand that Plaintiff produce documents
6 reflecting the amount of money he received from the settlement with each co-Defendant. As
7 discussed above, the Court believes that the amount of the settlement is not relevant but the fact of
8 a monetary settlement is relevant. Sears' request is GRANTED IN PART.

## Conclusion

For the reasons expressed above, Plaintiff must respond to Requests for Admission and Requests for Production of Documents as provided herein within thirty (30) days of the date of this Order.

IT IS SO ORDERED:

DATED: July 15, 2011

Hon. Mitchell D. Dembin
U.S. Magistrate Judge