# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY McIVER,<br><br>                              Plaintiff,<br><br>        vs.<br><br>PACIFIC CARMEL MOUNTAIN<br>HOLDINGS, LP, et al.,<br><br>                              Defendant. | CASE NO. 09cv1975 LAB (MDD)<br><br>ORDER DENYING MOTION TO<br>QUASH DEPOSITION SUBPOENA<br>TO KELISSA GRIFFIN<br><br>[DOC. NO. 101] |

On July 27, 2011, counsel for witness Kelissa Griffin[1] moved to quash a deposition subpoena to Ms. Griffin for lack of personal service.  (Doc. No. 101).  The declaration of Ms. Griffin was attached.  Defendant SEARS, ROEBUCK & CO., responded to the motion and a declaration from its process server was attached.  (Doc. No. 102).  On August 11, 2011, the Court held an evidentiary hearing on the matter.  Plaintiff presented the testimony of Ms. Griffin. Defendant presented the testimony of process servers Barbara Wiarda and Jim Cook.  Having considered the motion papers, the testimony presented and arguments of counsel, the Court finds that sufficient personal service was made upon Ms. Griffin.

Fed.R.Civ.P. 4(e) governs service of process upon individuals.  Rule 4(e)(1) provides that an individual may properly be served by following the state law in the state where the district court is located or where service is made.  Rule 4(e)(2) provides other methods by which personal

---

[1]Counsel also represents Plaintiff Larry McIver.

service may be accomplished including delivery of the process to the individual personally.  *See* Rule 4(e)(2)(A).  The Ninth Circuit has found personal service to be sufficient under Rule 4(e) where there has been a good faith effort to comply with the Rule resulting in placement of the process within the immediate proximity of the witness and that full compliance is only prevented by the witness' knowing and intentional actions to avoid service.  *See Travelers Casualty & Surety Co. of America v. Brenneke,* 551 F.3d 1132, 1135 (9th Cir. 2009).

In the instant case, the Court makes the following factual findings:

1.     Ms. Griffin was personally served by Ms. Wiarda with an earlier deposition subpoena in this case on June 24, 2011.

2.     Ms. Griffin chose to ignore that subpoena and did not appear for her deposition.

3.     Following a ruling of this Court continuing the discovery deadline in this case, Ms. Wiarda sought to personally serve Ms. Griffin with a new deposition subpoena on July 15, 2011, calling for her to appear on July 28, 2011.

4.     Ms. Wiarda went to Ms. Griffin's residence and spoke to her through an open window.  Ms. Wiarda advised Ms. Griffin that she had a new subpoena for her and Ms. Griffin responded that she was told not to accept anything from Ms. Wiarda. Ms. Wiarda left the process outside Ms. Griffin's door.

5.     Ms. Wiarda followed up by calling Ms. Griffin on her cell phone a few minutes later which is confirmed by her cellular phone record.

Ms. Griffin denied that service occurred.  She said that she heard knocking at her door but did not answer it.  Later, she found some papers in front of her door that she threw away.  Having heard the evidence, the Court credits the testimony of Ms. Wiarda which was supported by Mr. Cook.

Accordingly, the Court finds that there was sufficient personal service under Rule 4.  Ms. Wiarda personally identified Ms. Griffin, advised her that she had a subpoena for her and when Ms. Griffin refused to accept service, left the documents in her immediate vicinity.  This service constitues compliance under Rule 4(e)(1) and (2).  *See Travelers Casualty & Surety Co. of*

1   *America v. Brenneke,* 551 F.3d 1132, 1135 (9th Cir. 2009).

2          By agreement of the parties following the hearing, Ms. Griffin was ordered by the Court to

3   appear for deposition on August 23, 2011, at 9:00 a.m., at 402 W. Broadway, Suite 700, San

4   Diego, California.  Ms. Griffin was advised by the Court that an unexcused failure to appear may

5   constitute a contempt of court and result in criminal or civil penalties.

6          The Court also is extending the discovery deadline in this case to and including August 23,

7   2011, for the sole purpose of obtaining Ms. Griffin's deposition.

8          IT IS SO ORDERED.

9   DATED: August 11, 2011

10

11                                          Hon. Mitchell D. Dembin
                                            U.S. Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28