**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARRY McIVER,<br><br>                              Plaintiff,<br><br>vs.<br><br><br>PACIFIC CARMEL MOUNTAIN HOLDINGS, LP,<br><br>                              Defendants. | CASE NO. 09CV1975-LAB (AJB)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S *EX PARTE* APPLICATION TO WITHDRAW DAMAGES CLAIMS;**<br><br>**ORDER SETTING BENCH TRIAL;**<br><br>**ORDER OVERRULING OBJECTIONS TO EXHIBITS; AND**<br><br>**SUPPLEMENTAL ORDER ON MOTIONS IN LIMINE** |

On June 6, after holding a hearing on the parties' motions in limine, the Court issued a written order ruling on most of the motions, but reserving on several. With regard to two motions, the Court directed the parties to submit supplemental briefing: Plaintiff's Motion to Exclude or Prevent Defendants from Offering Irrelevant/Prejudicial Evidence ("Plaintiff's Motion," Docket no. 123), and Defendant Sears' Motion to Exclude Evidence or Testimony re Toilet Tissue Dispenser ("Sears' Motion," Docket no. 130). The parties were directed to file their supplemental briefing, by June 22.

**Motion to Withdraw**

On June 21, Plaintiff Larry McGiver filed an *ex parte* application to withdraw all claims for damages, leaving only claims for injunctive relief (the "Motion to Withdraw"). Defendants filed a response making clear they don't oppose the dismissal of McIver's claims for damages, but suggesting that sanctions might be in order. The motion to withdraw is therefore **GRANTED** to the extent McIver seeks to abandon his request for damages, and to abandon any claims for which damages are the only relief he sought. Defendants are not precluded from seeking sanctions or other relief based on McIver's prosecution or untimely abandonment of these claims.

**Bench Trial**

The only remaining claims for trial are claims for which injunctive relief is sought and available. Because the parties are not entitled to a jury trial on these issues, **the entire case will therefore be tried to the Court, without a jury**.

**Objections to Exhibits**

On June 27, McIver filed objections to certain of Costco's exhibits. Because this case will now be tried to the Court, no pretrial motions seeking admission or exclusion of evidence are necessary. The objections are therefore **OVERRULED,** without prejudice to McIver raising them later.

**Plaintiff's Motion**

McIver sought to exclude evidence of his litigation and settlement history, on the grounds that it was irrelevant and unfairly prejudicial. Defendants articulated several theories of relevance, however, including McIver's possibly faulty memory of which businesses had which barriers, as well as his good faith intent to purchase products or use the services at a particular business.

Defendants cite *Reycraft v. Lee*, 177 Cal. App. 4th 1211, 1224–25 (Cal. App. 4 Dist. 2009) and *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1177 (9th Cir. 2010) for the principle that, in order to recover statutory damages under California law, a plaintiff must prove that he actually presented himself at the business on a particular occasion in order to

purchase the business' products or use the services it offers to the public. In other words, Defendants' theory is that McIver may have entered Sears, Costco, and other businesses without the intent to buy anything there or use the services those businesses offer to the public. While this is no longer relevant to the extent McIver seeks damages for past violations, it may be relevant to the issue of injunctive relief. Before the Court can issue an injunction, it must find some reasonable likelihood McIver is being deterred from visiting Sears or Costco, and that injunctive relief will remedy that.

Although McIver was asked to address this issue by filing supplemental briefing, he never filed any. Any arguments McIver might have had in opposition to Defendants' briefing are therefore waived for failure to timely raise them.

To the extent McIver's visits to other businesses, and his litigation and settlement history shed light on this theory, or on his ability to remember and keep facts straight when testifying, they are relevant. The Court also finds they survive the Fed. R. Evid. 403 test and are not unfairly or unduly prejudicial.

McIver is not precluded from renewing his objection if evidence irrelevant to these defense theories is offered. But otherwise, this motion is **DENIED**.

**Sears' Motion**

In its motion, and at the hearing, Sears argued that McIver was relying on 1991 ADA Accessibility Guidelines (ADAAG), while it was entitled to comply with either the 1991 ADAAG or 2010 ADAAG. Sears argued that because there was no dispute it was in compliance with the 2010 ADAAG regarding placement of the toilet paper dispenser, all testimony concerning this claim was irrelevant and ought to be excluded.

At the hearing, McIver's counsel vigorously disputed this, arguing that Sears did not have the option to comply with the 2010 ADAAG, but was instead required to comply with the 1991 ADAAG. He doesn't dispute that Sears was in compliance with the 2010 ADAAG. The Court directed the parties to submit supplemental briefing on this issue, no later than June 22.

/ / /

Sears timely filed its supplemental briefing, and the Court finds it correctly construes the 2010 ADAAG. The guideline makes clear the guideline McIver was relying on was intended to benefit vision-impaired people, not people who must rely on wheelchairs or scooters for mobility. Apparently realizing that he had no claim, McIver then filed his supplemental briefing two days late. His briefing doesn't at all address the question of which ADAAG governs. Rather, it discusses the California Building Code's requirements for the placement of toilet paper dispensers as giving rise to his claim. Until now, McIver has characterized this claim as being based on the ADA and ADAAG, not the California Building Code, and the final pretrial order reflects this. (*See* Final Pretrial Order, Docket no. 120, at 6:20–7:11 (characterizing toilet paper dispenser placement as an ADAAG violation).) The basis for his claim, up to this point, has been that the dispenser protruded into the maneuvering space he needed to access the toilet.

Because McIver apparently agrees Sears was permitted, under the ADAAG, to place the toilet paper dispenser where it did, the Court deems this claim abandoned, and McIver won't be permitted to offer evidence at trial on the issue of whether the toilet paper dispenser placement violated ADAAG. McIver isn't permitted to surprise Sears with a new claim on the eve of trial. Furthermore, the California Building Code section he attempts to rely on is intended to make sure the toilet paper dispenser is within reach of a disabled person sitting on the toilet, which until now he has never mentioned. McIver's new claim based on the California Building Code will not be entertained at trial.

The remaining issues will be addressed at trial.

**IT IS SO ORDERED**.

DATED: July 2, 2012

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge