# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY McIVER,<br><br>                 Plaintiff,<br>  vs.<br><br>PACIFIC CARMEL MOUNTAIN HOLDINGS, LP,<br><br>               Defendants. | CASE NO. 09CV1975-LAB (AJB)<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS CLAIMS AS MOOT** |

After Plaintiff renounced all claims except those for injunctive relief under the ADA, Defendant Sears Roebuck & Co. filed a notice contending that all remaining claims against it were moot. Sears' argument is that the facility in question had been closed, renovated, and then reopened as a Sears Outlet store. Sears maintains that the barriers that allegedly prevented Plaintiff from accessing and using the facilities no longer existed and Plaintiff's claims against Sears are therefore moot. Because Plaintiff seeks only injunctive relief and changed conditions could moot all of Plaintiff's claims, the Court construed Sears' notice as a motion to dismiss claims as moot, and ordered Plaintiff to show cause why his claims shouldn't be dismissed. (Docket no. 157.)

Costco has also filed an *ex parte* motion to dismiss the claims against it as moot. Although its facilities didn't undergo the same type of renovation as Sears, Costco contends

the alleged barriers have nevertheless been removed. After Costco filed its notice, the Court issued an order requiring Plaintiff to file a response to its motion as well. (Docket no. 161.)

The Court's Order to Show Cause made clear Plaintiff is required to show that the Court has jurisdiction to entertain his claims, and required him to address Sears' factual representations as well as raising any legal arguments he had. (Docket no. 157, 1:23–25.) The Court's order following Costco's motion made clear that the mootness question would be considered before the scheduled trial would go forward. (Docket no. 161, 1:23–26.)

Plaintiff filed a brief (Docket no. 162) arguing that Defendants are required to produce evidence showing that his claims are moot, and that they haven't done so. (Docket no. 162, 2:2–9, 2:15–25.)  Plaintiff maintains that mootness is an affirmative defense that must be pleaded in the answer or at least mentioned in the final pretrial order, and that it is unfair to raise this defense on the eve of trial. Plaintiff also contends that Defendants bear a "heavy burden" to show that his claims aren't moot. In support of this, he cites *Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc.*, 528 U.S. 167 (2000), and cases relied on by it or relying on it.

*Laidlaw*, however, dealt with a situation where the only possible basis for mootness was the defendant's voluntary cessation of the allegedly offending practice. 528 U.S. at 189 ("The only conceivable basis for a finding of mootness in this case is Laidlaw's voluntary conduct . . . .") But most of the barriers identified in the amended complaint and final pretrial order didn't consist of voluntary practices that could be temporarily halted, only to be restarted later. Rather, the barriers are primarily structural. If, as Sears and Costco represent, these have been altered through renovation to the physical plant, or otherwise, there is no reasonable likelihood those changes will be undone. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, ___ F. Supp. 2d ___, 2012 WL 2500932, slip op. at *6 (E.D.Cal., June 27, 2012) (distinguishing "voluntary cessation" case from cases where structural changes rendered injunctive relief moot).

The final pretrial order identifies the alleged barriers at Sears as consisting of inappropriate handles at entrance doors, lack of an International Symbol of Accessibility

(ISA) at the main entrance, unwrapped pipes beneath the sinks, a waste receptacle under the sink that protrudes into clear knee space, a waste receptacle obstructing use of the paper towel dispenser, a baby changing station that protrudes into the clear floor space needed to access lavatories, a paper towel dispenser that is mounted both too high and too close to the restroom exit door. (Final Pretrial Order at 6:20–7:11.) The same order identifies the alleged barriers at Costco as being the lack of an adequate painted markings on and around disabled parking spaces, inadequate signs posted at disabled parking spaces (including van parking spaces), and access aisles adjacent to the van accessible parking spaces that are too narrow. (*Id.* at 7:12–24.) Of these, only the waste receptacle's position is arguably practice or policy that can be ceased, and then only if the receptacle is movable and Sears' employees place it (or allow it to remain) where it blocks Plaintiff's use of the facilities, and if Plaintiff can't easily move it out of the way. If the others have been fixed, it would be by a permanent physical change to the facility, which Defendants aren't likely to undo.

As the Court's earlier orders pointed out, mootness is jurisdictional, and the Court is required to raise and consider this issue, *sua sponte* if necessary. *See American Civil Liberties Union of Nevada v. Masto*, 670 F.3d 1046, 1062 (9th Cir. 2012). Mootness at any stage of litigation requires dismissal, because the Court no longer has the power to adjudicate the case. *Id*. ("When the possibility of injury to the plaintiffs ceases, the case is rendered moot and we lack jurisdiction to decide it.") Lack of subject matter jurisdiction is never waived, and may be raised at any stage of the proceedings. *Sarei v. Rio Tinto, PLC*, 487 F.3d 1193, 1200 (9th Cir. 2007). The Court is not free to ignore possible defects in its jurisdiction, but is required to confirm its jurisdiction before proceeding further. *Id*. This means the Court must address mootness before allowing the claims to proceed to trial on the merits. *See Frankl v. HTH Corp.*, 650 F.3d 1334, 1342 (9th Cir. 2012) (addressing mootness issue before proceeding to address substantive issues).

The mootness doctrine is more flexible than other jurisdictional requirements, and claims are not moot when any effective relief may be granted. *Karuk Tribe of Calif. v. U.S.*

*Forest Serv.*, 681 F.3d 1006, 1017 (9th Cir. 2012) (citations omitted). Here, however, Plaintiff is only seeking injunctive relief requiring the remediation of barriers. If remediation has already taken place and there is no longer any need for the Court to order what has already happened, the case has become moot. *See id.*

While the Court's orders so far have focused on mootness, the Court must also be mindful of other jurisdictional issues, such as standing. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947–48 (9th Cir. 2011) (en banc) (to show standing, ADA plaintiff must show real and immediate threat of injury from existing barriers, and a likelihood injury will be repeated if relief is not granted). The parties should also remember that this case is on the eve of trial. Discovery has already been completed, the final pretrial order issued, and new claims or affirmative defenses will not be allowed at this stage. If, as Defendants represent, the conditions identified in the final pretrial order have been removed so that they are no longer barriers for Plaintiff, the case is moot. The Court must also bear in mind the standards for issuing injunctive relief. Because it is the only type of relief being sought, if injunctive relief would be unavailable, the case would be moot for that reason as well. *See Monsanto Co. v. Geertson Seed Farms*, 130 S.Ct. 2743, 2756 (2010) (setting forth standards for issuance of injunction).

The Court's orders concerning Sears' and Costco's motions said the Court would set a hearing if necessary. Having reviewed the briefing, the Court has determined that some evidence is needed before a determination can be made, and an evidentiary hearing should be held. The parties are therefore **ORDERED** to appear for an evidentiary hearing solely on the issue of whether the barriers have been corrected. Defendants should present competent evidence to substantiate their representations to the Court that all barriers have been removed. Plaintiff may present rebuttal evidence showing that barriers have not been corrected. The hearing will be held on **Tuesday, September 25, 2012** at 1:00 p.m. and each side will have one hour to present its evidence. No later than Friday, September 21, each side should file a notice, not longer than three pages, identifying the evidence it intends to present.  The Court will rule on Defendants' motions after the hearing. The parties are

1 | reminded that the hearing is an evidentiary hearing in support of the Court's examination of
2 | its own jurisdiction, not oral argument or a trial.

**IT IS SO ORDERED**.

DATED: September 12, 2012

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge